Edgar J. Nathan, Jr., J.
This application pursuant to article 78 of the Civil Practice Act, to review and annul a determination of respondent New York City Rent and Rehabilitation Administrator, is denied.
After procuring plans for demolition and replacement of its building, filing them, and obtaining the approval of the Department of Buildings, petitioner applied to respondent’s predecessor, the State administrator, for certificates of eviction. Petitioner planned to substitute 12 new units for the existing 10. Apparently at the time of application such certificates were issuable upon such plans, under the State Rent and Eviction Regulations. Nevertheless, a subsequent change in the regula *434 tions redefined “self-contained family unit ” and was made retroactive, so that the change became effective at the date of petitioner’s application, which was thereupon held insufficient. Respondent has confirmed this determination. Similar retroactive operation of this regulation was approved in Matter of Jambes (N. Y. L. J., Nov. 28, 1962, p. 16, col. 2 [Supreme Ct., N. Y. County, Spec. Term, Part I, Fine, J.]). This decision is followed.
Petitioner’s contention that, in any event, its plans comply with the new regulations, has been rejected by respondent. This rejection was not contrary to law. The statute required that the new building contain ‘ ‘ at least twenty percentum more housing accommodations consisting of self-contained family units than are contained in the structure to be demolished ’ ’ (Emergency Housing Rent Control Law, § 5, subd. 2, par. [d], cl. [i]; L. 1946, ch. 274, as amd. by L. 1961, ch. 337). It is contended that none of the 9 existing controlled housing-units are self-contained family units as defined under respondent’s new regulations and that 2 of the 12 planned new units do comply with the new regulations. Accordingly, it is argued that the increase in accommodations so defined satisfies the statute. Nevertheless, the purpose of the statute is to permit a change of the status quo only if there is to be a specified increase in housing accommodations. It is reasonable to read the applicable statute so as .to require the new accommodations to conform to respondent’s new regulations when measuring the increase upon the present housing accommodations, however defined, in which tenants are still living (see Matter of Boss v. Caputa, 9 A D 2d 730, affd. 8 N Y 2d 1127).
The petitioner renews a strong- plea addressed to the discretion of respondent to waive the requirements of its new regulation. It claims it has spent more than $2,100 in good faith, upon building plans, to comply with regulations then controlling (but, see, Riverdale Community Planning Assn. v. Crinnion, 133 N. Y. S. 2d 706, affd. 285 App. Div. 1047, motion for leave to appeal denied 309 N. Y. 1029, appeal dismissed 1 N Y 2d 689). Presumably, petitioner claims, it would have obtained the certificates of eviction in time if the Department of Buildings had not lost its own file and, during a period of four months, refused the approval of petitioner’s plans to which it was entitled and which it eventually obtained. It proposes to spend $50,000 to improve a property assessed at $5,000. Nevertheless, this aspect of the case is in the province of the Administrator’s discretion and responsibility. The court finds that her determination was not arbitrary, capricious or contrary to law.